## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

BOILERMAKER-BLACKSMITH NATIONAL )
PENSION TRUST, *et al.,* )
           )
           Plaintiffs, )
           )     Case No. 5:20-cv-06021-SRB
           v. )
           )
ELITE MECHANICAL & WELDING, LLC, )
           )
           Defendant. )

## <u>ORDER</u>

Before this Court is Defendant's Motion to Change Venue (Doc. # 4).  For the reasons discussed below, the Motion is denied.

Plaintiffs have sued Defendant under ERISA to collect allegedly delinquent contributions to various funds.  Defendant is based out of West Virginia; Plaintiffs and the employee benefit plans are administered out of Missouri.  Defendant argues under 28 U.S.C. § 1404(a) that the case should be transferred to the Northern District of West Virginia.  Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  The Eighth Circuit has set forth five factors for this Court to balance:

1.  Convenience of the parties;

2.  Convenience of the witnesses;

3.  Accessibility of records;

4.  Location of the conduct; and

5.  Applicability of forum state's substantive law.

*Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997) (also noting that "federal courts give considerable deference to a plaintiff's choice of forum").

Defendant argues "while factors (1) and (3) indicate no greater convenience for either district, factors (2), (4), and (5) fall strongly in favor of transfer to the Northern District of West Virginia." (Doc. #21, p. 2). Plaintiffs state, citing to 29 U.S.C. § 1132(e)(2), that "ERISA allows employee benefit plans and their fiduciaries to sue delinquent employers in the judicial district where the plan is administered." (Doc. #17, p. 1). Plaintiffs also argue that special weight is given to a plaintiff's choice of forum in an ERISA case, citing *Nat'l Shopmen Pension Fund v. Stamford Iron and Steel Works, Inc*., 999 F.Supp.2d 229, 232 (D.D.C. 2013).

Given that Defendant only argues three of the factors, the Court will only balance those factors in dispute, the first being convenience of witnesses. Plaintiffs argue the relevant witnesses are the auditors and witnesses to authenticate the collective bargaining agreements, all of whom are in the Western District of Missouri. Defendant claims the relevant witnesses are the owner of Defendant, current and former employees whose hours are in dispute, and members of Local 45/193. From this early stage of the litigation, both sides have witnesses that need to be deposed and it is impossible to tell if this factor tilts one way or the other. The next factor in dispute is location of the conduct. Plaintiffs argue that the conduct is the failure of Defendant to produce the documents and contributions in the Western District of Missouri. Defendant takes a broader view, looking at the allegations brought in the counterclaim. Both sides state sound reasons why the location of the conduct in its own suit is more convenient in its chosen forum. Again, this factor is a draw. Finally, the applicability of a forum state's law must be examined. Federal law applies to Plaintiffs' ERISA claim and West Virginia law applies to Defendant's state law claims. This factor tilts towards transfer, yet this Court is often called upon to apply the

law of states outside of Missouri.  Given great briefing by the parties, this Court is confident that it can properly apply West Virginia law to the counterclaim.

Given the balancing of the five factors "special weight to a plaintiff's choice of forum in ERISA cases," and the "considerable deference to a plaintiff's choice of forum," this Court declines to transfer venue to the Northern District of West Virginia.  *Nat'l Shopmen Pension Fund*, 999 F.Supp.2d at 232; *Terra Int'l, Inc.*, 119 F.3d at 696.  Accordingly, it is hereby **ORDERED** that Defendant's Motion to Change Venue (Doc. # 4) is denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>April 13, 2020</u>