# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) Case No. 5:20-cv-06021-SRB |
| v. | )<br>) |
| ELITE MECHANICAL & WELDING, LLC, | )<br>) |
| Defendant. | )<br>) |

## **ORDER**

Before this Court is Defendant's Rule 19 Motion for Joinder (Doc. #12) and Fund Plaintiffs' Motion to Dismiss (Doc. #22). For the reasons discussed below, Defendant's Motion is DENIED, and Fund Plaintiffs' Motion is GRANTED.

## I. BACKGROUND

Plaintiffs set forth the following allegations in their complaint. Plaintiffs are employee benefit plans ("the Funds") within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3) and fiduciaries thereof within the meaning of 29 U.S.C. § 1002(21). The Funds are multiemployer plans as defined by 29 U.S.C. § 1002(37). Defendant is an employer within the meaning of 29 U.S.C. § 1002(5). At all times relevant to this action, Defendant has been a party to one or more collective bargaining agreements with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO and/or affiliate local unions of Boilermakers International (collectively, "the Union"). At all times relevant to this action, Defendant has employed employees who have performed covered work under the collective bargaining agreement(s). The collective bargaining agreements require Defendant to timely submit to the Funds reports and fringe benefit

contributions for covered work. Under the agreements and by law, the Funds may audit any of the books and records of employers obligated to remit reports and contributions to the Funds.

The Funds conducted an audit for the period from January 1, 2015, through December 31, 2017. The results of the audit indicated uncertainty as to whether four employees for whom Defendant had not submitted reports during the audit period performed covered work. Defendant refused Plaintiffs' request for additional documentation confirming whether these employees performed covered work during the audit period. Plaintiffs bring claims for delinquent contributions and failure to comply with audit obligations pursuant to ERISA, 29 U.S.C. §§ 1132 and 1145.

Defendant filed a countercomplaint alleging Plaintiffs, at the behest of the Union, only bring this lawsuit to take reprisal against Defendant for discontinuing membership with the Union in late 2017, hiring a boilermaker who had been expelled from the Union for engaging in non-union work, and directly competing with the Union for boilermaker work. While Plaintiffs' complaint explicitly states they seek contributions for covered work during the period from January 1, 2015, through December 31, 2017, Defendant alleges Plaintiffs are seeking contributions for work Defendant engaged in post-2017, when Defendant was allegedly no longer obligated to Plaintiffs under any agreement. Defendant does not dispute that it was party to the collective bargaining agreement(s) during the relevant 2015–2017 time period. Defendant brings counterclaims against Plaintiffs and the Union for abuse of process, tortious interference of business, and intentional infliction of emotional distress. Defendants also bring a counterclaim for extortion solely against the Union.

Plaintiffs move to dismiss the counterclaims brought against them because, among other reasons, they are preempted by ERISA. Plaintiffs also move to strike Defendant's affirmative

defenses as legally barred and inadequately pled. Defendant moves to join the Union as a required party.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and [destined] to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal citation and quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). When deciding a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009).

### B. Motion to Strike Insufficient Defenses

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense[.]" "Because the rule is stated in the permissive, . . . it has always been understood that the district

court enjoys liberal discretion thereunder." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal citation omitted). While motions to strike are disfavored, they "should be granted if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action." *Jones v. Henry Indus., Inc.*, No. 4:16-CV-1184-SNLJ, 2017 WL 513038, at *2 (E.D. Mo. Feb. 8, 2017) (internal citation and quotation marks omitted). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Constr. Indus. Laborers Pension Fund v. MWE Servs., Inc.*, No. 06-6007-CV-SJ-GAF, 2006 WL 8438364, at *2 (W.D. Mo. Oct. 18, 2006) (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

### C. Motion to Join Required Party

Pursuant to Rule 19(a)(1)(A), a party is "required to be joined if feasible" if "in that person's absence, the court cannot accord complete relief among existing parties."

## III. DISCUSSION

### A. Dismissal for ERISA Preemption

Plaintiffs argue Defendant's counterclaims for abuse of process, tortious interference of business, and intentional infliction of emotional distress should be dismissed because they relate to efforts to collect contributions under ERISA and are in turn preempted. Defendant argues the counterclaims are not preempted because they do not relate to the legitimate administration or enforcement of an employee benefit plan.

ERISA preemption is broad. *Ark. Blue Cross & Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1344 (8th Cir. 1991) (citing *Shaw v. Delta Air Lines*, 463 U.S. 85 (1983)). Under 29 U.S.C. § 1144(a), ERISA preempts any state law claim that "relates to" an employee benefit plan. A "law 'relate[s] to' a covered employee benefit plan . . . if it [1] has a 'connection with'

4

or [2] 'reference to' such a plan." *Cal. Div. of Labor Standards Enf't v. Dillingham Const., N.A., Inc.*, 519 U.S. 316, 324 (1997) (quoting *Shaw*, 463 U.S. at 96–97). "State law claims need not specifically refer to employee benefit plans in order to be preempted; nor do the claims need to be designed to affect benefit plans." *Painters Dist. Council No. 58 v. RDB Universal Servs., LLC*, No. 4:14-CV-01812-ERW, 2016 WL 1366600, at *10 (E.D. Mo. Apr. 6, 2016), *on reconsideration in part*, No. 4:14-CV-01812-ERW, 2016 WL 4368098 (E.D. Mo. Aug. 16, 2016) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 at 47–48 (1987)). The Eighth Circuit considers seven factors to determine whether a claim is preempted:

> (1) whether the state law negates an ERISA plan provision, (2) whether the state law affects relations between primary ERISA entities, (3) whether the state law impacts the structure of ERISA plans, (4) whether the state law impacts the administration of ERISA plans, (5) whether the state law has an economic impact on ERISA plans, (6) whether preemption of the state law is consistent with other ERISA provisions, and (7) whether the state law is an exercise of traditional state power.

*Shea v. Esensten*, 208 F.3d 712, 718 (8th Cir. 2000) (quoting *Ark. Blue Cross & Blue Shield*, 947 F.2d at 1344–45).

The parties dispute whether Missouri or West Virginia law applies to the counterclaims. However, the Court need not decide which state's law applies because the outcome here is the same under either state's law. Defendant's counterclaims are rooted in the propriety of Plaintiffs' conduct in commencing this suit for delinquent contributions. Defendant's counterclaims "by their very nature are premised upon the existence of the plan[], and are directly connected to the conduct of the administration of those benefit plans, as well as the methods employed by the plans in seeking to enforce employer contributions, and accordingly, [] the Defendants' claims 'relate to' an employment benefit plan, such that the broad ERISA preemption doctrine applies." *Malcolm v. NPD, Inc.*, No. 05-960 JMRRLE, 2007 WL 1847200,

at *3 (D. Minn. June 21, 2007) (finding defendants' counterclaims for breach of contract and abuse of process were preempted by ERISA); *see also Painters*, 2016 WL 1366600, at *12 (finding defendants' counterclaim for tortious interference of business of contract expectancy was preempted by ERISA); *Mass. Mut. Life Ins. Co. v. Marinari*, No. CIV.A. 07-2473 (FLW), 2009 WL 5171862, at *5 (D.N.J. Dec. 29, 2009) (finding defendant's counterclaim for intentional infliction of emotional distress was preempted by ERISA). To be sure, the Court conducts an analysis under the factors adopted by the Eighth Circuit.

The first factor, "whether the state law negates an ERISA plan provision," weighs in favor of preemption. The counterclaims negate 29 U.S.C. § 1104, which requires plan fiduciaries to discharge their duties with respect to a plan in order to provide benefits to plan participants and defray expenses of administering the plan. "[T]his requires fiduciaries must consider the appropriateness of legal action to recover plan assets, although they do not need to institute a lawsuit in every instance." *Painters*, 2016 WL 1366600, at *11 (quoting *Herman v. Mercantile Bank, N.A.*, 137 F.3d 584, 587 (8th Cir. 1998), *as amended on clarification* (Apr. 2, 1998) (quotation marks omitted)). The counterclaims also negate 20 U.S.C. § 1132, which empowers plan fiduciaries to bring an action to recover unpaid contributions owing to the plan. Plaintiffs' act of bringing this lawsuit is within their fiduciary duties pursuant to ERISA and allowing Defendant to proceed with its counterclaims would negate those duties.

The second and third factors, "whether the state law affects relations between primary ERISA entities" and "whether the state law impacts the administration of ERISA plans," also weigh in favor of preemption. *Ark. Blue Cross & Blue Shield*, 947 F.2d at 1346 ("For purposes of analyzing whether the [state law] 'relates to' ERISA plans, we treat these two factors as identical."). Allowing the counterclaims to proceed would disturb relations between Plaintiffs,

the plan and the plan fiduciaries, and Defendant, the employer. *Ark. Blue Cross & Blue Shield*, 947 F.2d at 1346 (primary ERISA entities include "the employer, the plan, the plan fiduciaries, and the beneficiaries."). Because Plaintiffs' "potential liability would [] be incurred as a result of [their] role as an ERISA entity, [and their] relationship with other ERISA entities can[] be affected by this action," the counterclaims affect relations between primary ERISA entities and impact the structure of ERISA plans. *Streiff v. Oblate Serv. Corp.*, No. 4:07-CV-01494, 2008 WL 294481, at *4 (E.D. Mo. Jan. 31, 2008) (quoting *Wilson v. Zoellner*, 114 F.3d 713, 718 (8th Cir. 1997)) (internal quotation marks omitted). The fourth factor, "whether the state law impacts the administration of ERISA plans," also weighs in favor of preemption. Defendant's counterclaims directly attack Plaintiffs' filing of this lawsuit to recover alleged unpaid contributions, an act which Plaintiffs have a fiduciary duty to commit pursuant to ERISA. Accordingly, the counterclaims affect Plaintiffs' ability to administer the plan.

The fifth factor, "whether the state law has an economic impact on ERISA plans," also weighs in favor of preemption. Allowing the counterclaims to proceed would stifle Plaintiffs' ability to recover allegedly unpaid contributions owing to the plan, which economically affects the plans. The sixth factor, "whether preemption of the state law is consistent with other ERISA provisions," also weighs in favor of preemption. Allowing Defendant's counterclaims to proceed would fly in the face of the policy behind 29 U.S.C. § 1145, which Congress enacted to "simplify actions to collect delinquent contributions[ and] avoid costly litigation . . . ." *Cent. States, Se. & Sw. Areas Pension Fund v. Indep. Fruit & Produce Co.*, 919 F.2d 1343, 1348 (8th Cir. 1990). Finally, the seventh factor, "whether the state law is an exercise of traditional state power," weighs against preemption considering the counterclaims sound in tort, an area of law traditionally regulated by the states. However, the Court notes "ERISA certainly contemplated

7

the pre-emption of substantial areas of traditional state regulation." *Wilson v. Zoellner*, 114 F.3d 713, 720 (8th Cir. 1997) (quoting *Dillingham Const*, 519 U.S. at 329) (internal quotation marks omitted).

The Court concludes that the factors weigh in favor of preemption. Upon "look[ing] to the totality of the state [laws'] impact on the plan," the Court finds Defendant's counterclaims relate to the administration of an employee benefit plan. *Ark. Blue Cross & Blue Shield*, 947 F.2d at 1345. Therefore, Defendant's counterclaims for abuse of process, tortious interference of business, and intentional infliction of emotional distress are dismissed. Defendant's final counterclaim for extorsion brought solely against the Union, which Defendant seeks to join to this action, is also dismissed. *See BOKF, N.A. v. BCP Land Co., LLC*, No. 6:14-CV-03025-MDH, 2015 WL 2354386, at *6 (W.D. Mo. May 15, 2015) ("[A] counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party.") (quoting *Microsoft Corp. v. Ion Techs. Corp.*, 484 F.Supp.2d 955, 965 (D. Minn. 2007); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1435 (2d ed.1990)).

**B. Striking of Insufficient Defenses**

Defendant raises sixteen affirmative defenses in its answer: accord and satisfaction, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, unclean hands, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. Plaintiffs move to strike all of the asserted affirmative defenses, arguing some are barred by law and others are insufficiently pled. Defendant asks the Court to hold the motion to strike in abeyance until discovery has progressed and allow Defendant to amend its affirmative defenses on its own volition upon review of Plaintiffs' discovery responses.

In general, "the courts recognize only two defenses to a collection action: that the pension contributions are themselves illegal or that the collective bargaining agreement is void." *Indep. Fruit*, 919 F.2d at 1349. Further, the defenses of failure of consideration, estoppel, waiver, statute of frauds, and duress are precluded against a plan in ERISA delinquent contributions actions. *MWE Servs.*, 2006 WL 8438364, at *2. The statute of limitations and laches defenses are also barred because Plaintiffs seek contributions for work performed well within Missouri's 10-year statute of limitations. *Constr. Indus. Laborers, Pension Fund v. Wellington Concrete, LLC*, No. 4:15-CV-804 CAS, 2016 WL 1275605, at *3 (E.D. Mo. Mar. 31, 2016) (noting that "[f]or ERISA collection actions brought in Missouri, the Eighth Circuit instructs[] courts [to] apply Missouri's ten-year statute of limitations for breach of written contracts" and that "laches may not be invoked to bar damages relief if the action was brought within the limitations period.") (internal citations omitted).

Defendant cites no law in its briefing indicating the remaining asserted defenses apply against a plan in an ERISA delinquent contributions action. Further, Defendant pleads no facts in support of such defenses in its answer. *Eaton Veterinary Pharm., Inc. v. Wedgewood Vill. Pharmacy, Inc.*, No. 4:15-CV-687-SRB, 2016 WL 7200805, at *2 (W.D. Mo. Mar. 4, 2016) ("[S]pecific facts are unnecessary[,] but [Defendant's] affirmative defenses must provide fair notice of what [each] defense is and the ground upon which it rests.") (internal citation and quotation marks omitted); *Twombly*, 550 U.S. at 555. Accordingly, all of Defendant's asserted affirmative defenses are stricken as insufficient. Defendant may file a motion for leave to amend its answer to assert applicable affirmative defenses at a later time if warranted.

### C. Joinder of Required Party

Defendant moves to join the Union as a required party pursuant to Rule 19(a)(1)(A), arguing "the Court cannot accord complete relief among the existing parties as to [Defendant's] Counterclaims." (Doc. #12, p. 1). Given the Court's dismissal of Defendant's counterclaims, the Court can accord complete relief among the existing parties, and the Union in turn is not a required party. Therefore, Defendant's motion to join is denied.

### IV. CONCLUSION

Accordingly, Defendant's Rule 19 Motion for Joinder (Doc. #12) is DENIED and Fund Plaintiffs' Motion to Dismiss (Doc. #22) is GRANTED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 1, 2020